IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00298-MSK-MJW

ALPHA OIL & GAS SERVICES, INC.,

Plaintiff,

v.

CALIBER MIDSTREAM PARTNERS, L.P.,

Defendant.

---

**ORDER REGARDING
PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT
(DOCKET NO. 51)**

---

Entered by Magistrate Judge Michael J. Watanabe

This matter is before the court on Plaintiff's Motion to Compel Discovery from Defendant (docket no. 51). The court has reviewed the subject motion (docket no. 51), the response (docket no. 53), and the reply (docket no. 54). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

2

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). However, "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the

3

issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004). "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Id. See Fed. R. Civ. P. 26(b) and (c);

5. If a motion to compel is granted,

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > (i) the movant filed the motion before attempting in Good faith to obtain the disclosure or discovery without court action;
> >
> > (ii) the opposing party's nondisclosure, response, or Objection was substantially justified; or
> >
> > (iii) other circumstances make an award of expenses unjust.
>
> Fed. R. Civ. P. 37(a)(5)(A);

6. That as to Interrogatory No. 19, the objections by Defendant are

4

overruled;

7. That as to Requests for Production Nos. 25, 27, 28, and 35, the objections by Defendant are overruled;

8. That as to Requests for Production Nos. 26 and 33, the objections by Defendants are overruled;

9. That as to Request for Production No. 34, the Plaintiff is withdrawing this portion of the subject motion (docket no. 51) since Defendant has now responded to Request for Production No. 34. See Reply (docket no. 54) under paragraph D on page 6; and

10. That the information requested in Interrogatory No. 19 and Requests for Production Nos. 25, 26, 27, 28, 33, and 35 are relevant to the claims and defenses at issue in this case and are discoverable. Such requested information contains, at least in part, some confidential information, and a protective order under Fed. R. Civ. P. 26(c) is appropriate in this case.

### ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS:**

1. That Plaintiff's Motion to Compel Discovery from Defendant (docket no. 51) is **GRANTED**;

2. That as to Interrogatory No. 19, Defendant has partially responded but Defendant shall provide to Plaintiff its full and complete

5

      response to Interrogatory No. 19 under oath and identify with particularity those purchasers of their "skim" oil and the purchasers of their "skim" oil through its affiliates through the fiberglass line on or before October 19, 2015;

3. That Defendant shall provide to Plaintiff full and complete responses to Requests for Production Nos. 25, 26, 27, 28, 33, and 35 on or before October 19, 2015;

4. That Defendant's Responses to Interrogatory No. 19 and Requests for Production Nos. 25, 26, 27, 28, 33, and 35 may be used for the limited purpose of this case only and for no other purpose pursuant to Fed.R.Civ.P. 26(c); and

5. That Plaintiff is awarded reasonable and necessary attorney fees and costs for having to file the subject motion (docket no. 51) pursuant to Fed. R. Civ. P. 37(a)(5)(A). The parties shall meet forthwith to see if the amount of attorney fees and costs can be stipulated. If the parties are able to stipulate to the amount of attorney fees and costs, then the parties shall file such stipulation with the court by October 9, 2015. If the parties are unable to stipulate to the amount of attorney fees and costs, then Plaintiff shall have up to and including October 9, 2015, to file its itemized affidavit for attorney fees and costs. Defendant shall have until October 19, 2015, to file its response to Plaintiff's itemized affidavit for attorney fees and costs. If a response is filed, then Plaintiff shall

6

have up to and including October 26, 2015, to file any reply to Defendant's response.

Done this 1st day of October 2015.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE